JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Barbara Webster

**DEFENDANTS**
Payer Matrix, LLC

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Delaware**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Scott M. Pollins, Pollins Law, 303 W. Lancaster Ave., Ste. 1C, Wayne, PA 19087

Attorneys *(If Known)*
Derek Illar and Laura Cottington - Eckert Seamans

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | |
| | | | | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [x] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 446 Amer. w/Disabilities - Other | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Families First Coronavirus Response Act and ADAAA

Brief description of cause:
Wrongful termination

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** Unliquidated

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 07/18/2022
SIGNATURE OF ATTORNEY OF RECORD: *(signed)*

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __204 North 5 Points Road, West Chester, PA 19380__

Address of Defendant: __1400 N. Providence Road, Ste. 5000, Media, PA 19063__

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __07/18/2022__   *(signature)*   PA76334
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Scott M. Pollins__, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: __07/18/2022__   *(signature)*   PA76334
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BARBARA WEBSTER,** : | |
| : | |
| **Plaintiff,** : | CIVIL ACTION NO. |
| v. : | |
| : | |
| **PAYER MATRIX, LLC,** : | |
| : | JURY TRIAL DEMANDED |
| **Defendant.** : | |

## COMPLAINT

I. **INTRODUCTION**

1. Plaintiff, Barbara Webster (Webster), is suing her former employer, Payer Matrix, LLC (PM), for terminating her employment in violation of the Families First Coronavirus Response Act, ("FFCRA") and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C.A. § 12101 *et seq*. ("ADAAA"), the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq*. ("PHRA"), Webster seeks back pay and the value of her benefits, reinstatement or front pay, loss of earnings capacity, compensatory damages (for FFCRA retaliation and under the ADAAA and PHRA only), liquidated damages (for FFCRA interference only), punitive damages (for FFCRA retaliation and under the ADAAA only), interest, negative tax consequence damages, injunctive relief, and attorney's fees and costs.

II. **JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, the FFCRA and the ADAAA. Furthermore, PM's conduct violated the PHRA, and the pendant jurisdiction of this Court is invoked to remedy those violations.

3. Venue is proper as Webster worked at PM, which is located in the Eastern District of Pennsylvania.

4. Webster exhausted all remedies available to her as set forth in the ADAAA by timely filing a complaint with the Equal Employment Opportunity Commission and dually filing with the PHRC. The EEOC issued a Notice of Right to Sue on April 20, 2022, and this Complaint is filed within 90 days of that date.

### III. PARTIES

5. Webster is an adult female, and she resides in West Chester, PA.

6. PM is a specialty drug cost containment company who partners with commercial plans, Taft Hartley Funds, and third-party administrators in the industry to help mitigate the financial risk and growing liability related to specialty drug costs. PM is a Texas limited liability company with its corporate office at 1400 N. Providence Road, Suite 5000, Media, PA 19063.

7. At all relevant times described in this Complaint, Payer Matrix was a private employer with 15 or more employees and fewer than 500 employees.

8. At all material times hereto, PM acted through its employees, agents, representatives and/or servants who were acting within the course and scope of their employment and authority.

### IV. FACTUAL BACKGROUND

9. In early October 2019, Webster interviewed with PM's VP of Operations, Jennifer Hoefner (Hoefner), for a position at PM. During the interview, Webster disclosed to Hoefner that she had rheumatoid arthritis, an autoimmune disease, and other medical issues.

10. Several weeks later Hoefner offered Webster a job at PM as a reimbursement case coordinator (RCC) working for the RCC Manager, Karin Ford (Ford). The RCC job is performed at a desk talking on the phone and using a computer.

11. Webster had worked with Ford previously at two prior employers, and Ford was aware of Webster's medical conditions.

12. Due to sickness, Webster had to postpone her start date at PM. Webster eventually started at PM in early March 2020.

13. On about March 16, 2020, many U.S. employers, including PM, closed their in-person operations due to the COVID-19 pandemic and it remained closed for a period due to an emergency stay-at-home Order issued by the Pennsylvania Governor, effective on or about March 23, 2020.

14. In June 2020, PM began a phased return to in-person work by having employees work in-person 2 days per week.

15. Due to Webster's medical conditions, including recurring respiratory infections, Webster continued to work from home through early September 2020.

16. Webster's respiratory function substantially limited some of her major life activities, including, but not limited to, breathing and concentrating. Webster's medical condition also rendered her more susceptible to becoming severely ill or dying if she were infected by COVID-19.

17. Notwithstanding Webster's medical condition, Hoefner wanted her to return to work in-person. In an August 27, 2020 email, Hoefner told Webster that she needed to plan to return to work in early September.

18. In early September 2020, Webster was diagnosed with a deviated septum, a disability that required surgery. The deviated septum caused Webster to suffer from chronic sinus and respiratory infections.

19. In early September 2020, Webster notified Hoefner and Ford that she needed surgery. Hoefner responded to Webster informing her of her need for surgery by telling Webster that we have to get everyone back in the office. Hoefner told Webster that she was going to need to return two days per week for now (and this will be increased very shortly). Hoefner told Webster that if she could not return, she needed to make a decision, implying that Webster's employment at PM was in danger.

20. On September 9, 2020, Webster provided Hoefner with a note from her physician, Anthony Rooklin, M.D., stating that Webster has a respiratory infection, she should work from home until the infection can be cleared up and surgery is planned.

21. When Hoefner received Webster's September 9 note from Dr. Rooklin, Hoefner responded that same day to Webster and stated:

> I just got a note from your physician that he would like you to work from home while you are ill and to be isolated prior to surgery. I am not sure if he realizes that your job is not really a work at home position. Everyone is back in the office and we do have employees who are having surgeries and are immunocompromised, etc. When is your surgery scheduled for? I will discuss with HR what options are available for you so we can figure out a plan, but we need to know your date for surgery.

22. On September 11, 2020, Hoefner emailed Webster and informed her she was allowed to continue to work from home and she should check in after her September 23, 2020 medical appointment.

23. Webster subsequently informed Hoefner that she was having surgery. On October 14, 2020 Webster had surgery.

4

24. Webster returned to work in-person at PM on November 17, 2020.

25. On November 19, 2020, Webster was exposed to COVID-19 and began an emergency paid sick leave pursuant to the FFCRA.

26. Webster took an FFCRA emergency paid sick leave on November 19, 20, 23 and 24, 2020.

27. After obtaining a negative COVID-19 test result, Webster returned to work in-person at PM on November 25, 2020, the day before Thanksgiving.

28. Webster worked in-person at PM on November 30 and December 1.

29. At 7:17am on December 2, 2020, Webster texted Ford as follows:



30. Pursuant to PM's Daily Self-Assessment COVID-19 return to work policy, diarrhea was a symptom of COVID-19 that required an employee to report this to their supervisor and refrain from coming to work.

31. Webster sought a medical diagnosis from her physician after contacting Ford.

32. As of December 2, 2020, Webster had six more days of emergency sick leave available to her under the FFCRA as well as more than twelve hours of paid time off accrued.

33. Notwithstanding PM's requirement to offer Webster additional emergency paid sick leave under the FFCRA or offer to let her use her accrued paid time off, Hoefner called Webster later that morning, told her 'it wasn't working out' and that she had not returned to the office after COVID and terminated her employment.

34. Webster was disabled under the ADAAA and PHRA due to her respiratory condition. Webster was disabled pursuant to the ADAAA and PHRA because PM regarded her as disabled, or she had a record of a disability.

35. PM failed to reasonably accommodate Webster by refusing to allow Webster to use paid emergency sick leave pursuant to the FFCRA or use her accrued paid time off.

36. The FFCRA, and the Emergency Paid Sick Leave Act ("ESPLA"), which is a provision of the FFCRA, required PM (which is a private employer with fewer than 500 employees) to provide Webster with up to 80 hours (10 workdays) of paid sick leave when she was unable to work because she was experiencing COVID-19 symptoms and seeking a medical diagnosis.

37. PM terminated Webster's employment due to disability discrimination (actual disability, record of disability, regarded as disabled, or retaliation for requesting reasonable accommodations) or due to PM violating the FFCRA.

38. Webster has suffered, is now suffering and will continue to suffer emotional distress, career loss, loss of earnings capacity, embarrassment, humiliation, suffering, inconvenience, mental anguish, and other nonpecuniary losses as a direct result of PM's unlawful conduct.

39. PM engaged in intentional discrimination against Webster with malice or reckless indifference to her rights.

V. **CLAIMS**

### Count I – FFCRA Interference

40. Paragraphs 1-39 are incorporated by reference as if fully set forth herein.

41. The acts, failures to act, practices and policies of PM set forth above interfered with Webster's rights under the ESPLA and FFCRA and violate the FFCRA.

42. A violation of the FFCRA and EPSLA is considered a violation of and is enforced through the Fair Labor Standards Act, (FLSA).

WHEREFORE, Webster respectfully demands judgment in her favor and against PM for back pay and benefits, reinstatement or front pay, liquidated damages, interest, negative tax consequence damages, attorney's fees plus costs, declaratory relief that the conduct engaged in by PM violated Webster's civil rights, and such other relief as the Court deems proper.

### Count II – FFCRA Retaliation

43. Paragraphs 1-39 are incorporated by reference as if fully set forth herein.

44. PM retaliated against Webster for taking protected EPSLA and FFCRA leave and seeking additional EPSLA and FFCRA leave on December 2, 2020.

WHEREFORE, Webster respectfully demands judgment in her favor and against PM for back pay and benefits, reinstatement or front pay, compensatory damages, punitive damages, liquidated damages, interest, negative tax consequence damages, attorney's fees plus costs, declaratory relief that the conduct engaged in by PM violated Webster's civil rights, and such other relief as the Court deems proper.

### Count III – Disability Discrimination – ADAAA

45. Paragraphs 1-39 are incorporated by reference as if fully set forth herein.

46. The acts, failures to act, practices and policies of PM set forth above constitute disability discrimination (actual disability, regarded as disabled, record of disability, failure to provide reasonable accommodations) and violate the ADAAA..

WHEREFORE, Webster respectfully demands judgment in her favor and against PM for compensatory damages for emotional distress, career damage, loss of earnings capacity, mental anguish, humiliation and embarrassment, back pay and benefits, reinstatement or front pay, punitive damages under the ADAAA only-, interest, negative tax consequence damages, attorney's fees plus costs, declaratory relief that the conduct engaged in by PM violated Webster's civil rights, equitable/injunctive relief directing PM to cease any and all unlawful disability discrimination against their employees and such other relief as the Court deems proper.

### COUNT IV – Disability Retaliation - ADAAA

47. Paragraphs 1-39 are incorporated by reference as if fully set forth herein.

48. The acts, failures to act, practices and policies of PM set forth above constitute disability retaliation in violation of the ADAAA.

WHEREFORE, Webster respectfully demands judgment in her favor and against PM for compensatory damages for emotional distress, career damage, loss of earnings capacity, mental anguish, humiliation and embarrassment, back pay, reinstatement or front pay, punitive damages , interest, negative tax consequence damages, attorney's fees plus costs, declaratory relief that the conduct engaged in by PM violated Webster's civil

rights, equitable/injunctive relief directing PM to cease any and all unlawful retaliation against their employees and such other relief as the Court deems proper.

### Count V – Disability Discrimination – PHRA

49. Paragraphs 1-39 are incorporated by reference as if fully set forth herein.

50. The acts, failures to act, practices and policies of PM set forth above constitute disability discrimination (actual disability, regarded as disabled, record of disability, failure to provide reasonable accommodations) and violate the PHRA.

WHEREFORE, Webster respectfully demands judgment in her favor and against PM for compensatory damages for emotional distress, career damage, loss of earnings capacity, mental anguish, humiliation and embarrassment, back pay and benefits, reinstatement or front pay, interest, negative tax consequence damages, attorney's fees plus costs, declaratory relief that the conduct engaged in by PM violated Webster's civil rights, equitable/injunctive relief directing PM to cease any and all unlawful disability discrimination against their employees and such other relief as the Court deems proper.

### COUNT VI – Disability Retaliation - PHRA

51. Paragraphs 1-39 are incorporated by reference as if fully set forth herein.

52. The acts, failures to act, practices and policies of PM set forth above constitute disability retaliation in violation of the ADAAA.

WHEREFORE, Webster respectfully demands judgment in her favor and against PM for compensatory damages for emotional distress, career damage, loss of earnings capacity, mental anguish, humiliation and embarrassment, back pay and benefits, reinstatement or front pay, interest, negative tax consequence damages, attorney's fees plus costs, declaratory relief that the conduct engaged in by PM violated Webster's civil

rights, equitable/injunctive relief directing PM to cease any and all unlawful retaliation against their employees and such other relief as the Court deems proper.

Respectfully submitted,

By:   /s/ Scott M. Pollins
Scott M. Pollins - Pa. Atty. Id. No. 76334
**Pollins Law**
303 W. Lancaster Ave., Ste. 1C
Wayne, PA 19087
(610) 896-9909 (phone)/(610) 896-9910 (fax)
scott@pollinslaw.com (email)

Respectfully submitted,

By:   /s/ Gilda L. Kramer
Gilda L. Kramer - Pa. Atty. Id. No. 35992
**Gilda L. Kramer & Associates, LLC**
127 Penarth Road
Bala Cynwyd, PA 19004
(215) 732-4055 (phone)/(215) 732-2736 (fax)
gkramer@gildakramer.com (email)

Attorneys for Plaintiff, Barbara Webster

Date:   7/18/22